UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

RECEIVED

DEC 17 2018

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | |
|---|---|
| **TYLER MATTHEW RACHUI** | |
| **Plaintiff** | CIVIL ACTION NO. _____ |
| V. | SA18CA1315 OG |
| **MIRANDA RACHUI and**<br>**MARY ELIZABETH McLAUGHLIN,**<br>**D/B/A McLAUGHLIN LAW OFFICE** | **JURY TRIAL DEMANDED** |
| **Defendants** | |

## COMPLAINT

PLAINTIFF, TYLER MATTHEW RACHUI ("RACHUI") brings this suit against Defendants MIRANDA RACHUI and MARY ELIZABETH McLAUGHLIN, d/b/a McLAUGHLIN LAW OFFICE, and, upon information and belief, alleges the following:

### GENERAL NATURE OF THE CASE

1.     For servicemembers of America's armed forces, the Servicemembers Civil Relief Act ("SCRA") prevents a court from entering a default judgment against a servicemember in any case in which the servicemember has not made an appearance, unless the court has appointed an attorney to represent the absent servicemember.  Pursuant to 50 U.S.C. §3931, the party seeking a default judgment is obliged to file an affidavit advising the court of whether the defendant is or is not on active military duty.  If the affidavit indicates the defendant is on active duty, no default judgment can be validly entered against the servicemember unless and until an attorney is appointed to represent the absent servicemember and that attorney has a reasonable period in which to locate and communicate with the servicemember.  If the requirements of 50 U.S.C. §3931 are not complied with, the servicemember-defendant may at any time while still on active duty and for 90 days after release from active duty file a motion to vacate and set aside the default judgment.

If the servicemember can convince the court that he or she was materially affected in the ability to appear and defend the action by virtue of their military service and that the servicemember had a meritorious defense to at least some portion of the action, the court must set aside the initial judgment and reopen the matter to allow the servicemember to defend the action.

2.     Based on the facts alleged below, Plaintiff shows that the Defendants herein, MIRANDA RACHUI and MARY ELIZABETH McLAUGHLIN, d/b/a McLAUGHLIN LAW OFFICE, violated the Plaintiff's rights under the SCRA, and specifically 50 U.S.C. §3931, by obtaining a default judgment against him in a civil divorce action obtained in the 45th Judicial District Court, Bexar County, Texas, without notifying the court that Plaintiff was on active duty in the U.S. Air Force and without having an attorney appointed to represent the Plaintiff before proceeding to take the default judgment of divorce. In the judgment of divorce, as shown in allegations below, four sizable debts were adjudged against Plaintiff without any proof or evidence whatsoever, and Plaintiff was subsequently court-martialed by the U.S. Air Force and imprisoned for "dishonorable failure to pay" those debts, all of which have now been vacated and set aside by the 45th District Court, Bexar County, Texas.

## PARTIES

3.     PLAINTIFF is a citizen of the State of South Carolina, currently residing in Bexar County, Texas while on active military duty with the U.S. Air Force.

4.     DEFENDANTS are:

    A.     MIRANDA RACHUI, wife of TYLER MATTHEW RACHUI, who may be served at Huffines Chrysler, Jeep, Dodge, RAM (Service Department), 1024 S. Stemmons Freeway, Lewisville, TX 75067; and

    B.     MARY ELIZABETH McLAUGHLIN, d/b/a McLAUGHLIN LAW OFFICE, who may be served at 1550 NE Loop 410, Suite 205, San Antonio, Texas 78209.

## JURISDICTION AND VENUE

5. Pursuant to 28 U.S.C. §1331, this Court has original jurisdiction over this matter in that Plaintiff's cause of action arises out of 50 U.S.C. §§3901, *et seq.*, specifically 50 U.S.C. §§3931 and 4042.

6. This Court has general and specific personal jurisdiction over the Defendants, in that the Defendants reside and/or conduct business in the State of Texas sufficient to confer minimum contacts within the State of Texas and within the Western District of Texas, and further because certain material acts upon which this suit is based occurred within the Western District of Texas.

7. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. §1391(b) in that: (1) a substantial part of the events or omissions giving rise to the claims occurred in this district; (2) both Defendants resided in this district at the time of the events giving rise to the claims herein; and (3) Defendant McLAUGHLIN may be found in this district.

## FACTS OF THE CASE

8. Plaintiff and MIRANDA RACHUI were married on or about July 23, 2016. They lived together as husband and wife in San Antonio, Texas until they ceased living together as a married couple on October 5, 2016.

9. Plaintiff enlisted in the U.S. Air Force on February 9, 2016. He was on active duty in the U.S. Air Force when he and Defendant MIRANDA RACHUI married and remains on active duty in the U.S. Air Force to this date.

10.     While Plaintiff and Defendant MIRANDA RACHUI lived together as husband and wife in an apartment in San Antonio, Texas, Plaintiff went to his place of duty at Joint Base San Antonio-Lackland every duty day, where he served in the 802nd Security Forces Squadron.

11.     At all times pertinent to this matter, Defendant MIRANDA RACHUI has known that her husband, Plaintiff, was on active duty with the U.S. Air Force.

12.     After the couple separated, Defendant MIRANDA RACHUI retained the services of Defendant MARY ELIZABETH McLAUGHLIN, d/b/a McLAUGHLIN LAW OFFICE ("McLAUGHLIN") to represent her in a divorce action.

13.     On November 2, 2016, Defendant McLAUGHLIN caused to be filed in the 45th District Court, Bexar County, Texas, an Original Petition for Divorce styled "In the matter of the Marriage of Miranda Rachui and Tyler Matthew Rachui", which was assigned Docket No. 2016-CI-19191.

14.     In paragraph 5 of the divorce petition, Defendant McLAUGHLIN advised the court that Plaintiff (the defendant in the divorce action) could be served at 2445 George Avenue, #4, JBSA-Lackland AFB, Texas 78236-5228, an address on the U.S. Air Force base now designated at Joint Base San Antonio – Lackland, Texas.

15.     The divorce petition does not pray for an award of any fraud damages owed to the community that previously existed between the parties, nor for award of any specific debts to one party or the other.

16.     The Officer's Return on the Citation in the divorce proceeding indicated that Plaintiff had been personally served at 12:55 pm on November 8, 2016 at 2445 George Avenue, Building 5275, San Antonio and on the Field Sheet filed into the record from the private process server, Pronto Process, the location of the service of Plaintiff is listed as "served on base" and a

handwritten notation about Plaintiff's name indicates "A1C", an abbreviation for Plaintiff's rank of Airman First Class in the U.S. Air Force.  The Field Sheet also shows the Plaintiff's address on "Lackland AFB, San Antonio, TX 78236".

17.    After he was served with the citation and petition in the state court divorce action, Plaintiff requested permission from his supervisor and thereafter his First Sergeant to seek legal advice at the Base Legal Office.  However, Plaintiff was advised that the divorce was a "downtown civil matter" for which he would need counsel and that none of the active duty Air Force judge advocates at JBSA-Lackland could represent him in that proceeding.  Based on the orders from his supervisor and First Sergeant, Plaintiff did not receive legal advice from the Base Legal Office. Because at the time he was served Plaintiff had been restricted to the confines of JBSA-Lackland Air Force Base for unrelated reasons, his military duties affected his ability to seek legal counsel and defend the divorce action in that he was prevented from going off base to retain an attorney. Thereafter, Plaintiff waited to be contacted by the attorney who was to be appointed by the court that Plaintiff knew was required under the SCRA, although such contact never occurred as shown below.

18.    The record of Case No. 2016-CI-19191 in the 45th District Court, Bexar County, Texas does not contain an affidavit from Defendant McLAUGHLIN advising the court of the military status of the Plaintiff in this matter.

19.    No motion to appoint counsel to represent Plaintiff in this matter (the defendant in the divorce proceeding) was ever filed by either Defendant in the Texas divorce proceeding.

20.    Plaintiff was never appointed an attorney to represent him in the state court divorce proceeding.

21.     Plaintiff never made an appearance in the state court divorce proceeding before a judgment of divorce was rendered against him.

22.     Defendant McLAUGHLIN filed a Motion for Default Judgment in the state court divorce proceeding on January 24, 2017. At no time during the state court divorce proceeding did Defendant McLAUGHLIN ever advise the state court that the defendant in the divorce action, Plaintiff herein, was an active duty member of the U.S. Air Force, nor did she file the affidavit of military service required by 50 U.S.C. §3931, nor did she move to have an attorney appointed to represent Plaintiff TYLER MATTHER RACHUI.

23.     On information and belief, Defendant McLAUGHIN knew that Plaintiff TYLER MATTHEW RACHUI was on active duty with the U.S. Air Force at the time the petition for divorce was filed and on the date of the entry of the default judgment against Plaintiff TYLER MATTHEW RACHUI.

24.     On February 17, 2017, the Defendants appeared in 45th District Court, Bexar County, Texas in Case No. 2016-CI-19191 where they obtained a judgment by default against Plaintiff herein. The transcript of that hearing revealed that no testimony or evidence of any kind was taken from Defendant MIRANDA RACHUI or any other witness and Defendant McLAUGHLIN merely presented a judgment she had drafted to the court, which was signed and filed ("the 2017 Divorce Decree").

25.     Included in the 2017 Divorce Decree were debts and other monetary awards that were adjudicated against Plaintiff TYLER MATTHEW RACHUI with extremely short periods of time within which he was to pay those debts and monetary awards, none of which he knew about because no attorney had ever been appointed to represent him and because he received no notice of the default judgment hearing date. Additionally, some of the debts and other monetary awards

adjudicated against Plaintiff TYLER MATTHEW RACHUI were not pled in the petition previously filed in state court.

26.     Even though Plaintiff and Defendant had resided together as husband and wife for less than three months in 2016 and Plaintiff's base pay from the U.S. Air Force was only $1,638.30 per month, among the debts and other monetary awards adjudicated against Plaintiff TYLER MATTHEW RACHUI in the 2017 Divorce Decree were the following:

a.     An award of the sum of $1,206.00 to Defendant MIRANDA RACHUI payable in cash on February 17, 2017 (the day of the 2017 Divorce Decree).

b.     An award of debts allegedly owed to a Military Star credit card account in the amount of $2,981.85.

c.     An award of debts allegedly owed to Navy Federal Credit Union on the amount of $2.931.67.

d.     An award of $2,350 to Defendant MIRANDA RACHUI as reimbursement to her separate estate, when she never pled that she had a separate estate and presented no evidence or testimony at the February 17, 2017 default judgment hearing of any such debt.   Installment payments of $235.00 per month were ordered to be paid beginning not later than March 1, 2017 by Plaintiff MATTHEW TYLER RACHUI on that portion of the 2017 Divorce Decree.

e.     An award of damages in the amount of $5,000.00 for "fraud on the community", when there was no allegation of any such fraud in the divorce petition and no evidence of any such fraud presented in the default judgment hearing on February 17, 2017.   Plaintiff TYLER MATTHEW RACUHI was to have commenced monthly payments of $500.00 per month not later than March 1, 2017.

f.      An award of $2,500.00 to Defendant McLAUGHLIN for Defendant MIRANDA RACHUI's attorneys' fees, payable not later than March 1, 2017.

27.     As to each of the foregoing debts and other awards made to Defendant MIRANDA RACHUI, Plaintiff TYLER MATTHEW RACHUI had meritorious defenses as to the legality of awarding such amounts when they had not been pled, when he contested the correctness of the amounts and due to the fact that no evidence had been presented in the February 17, 2017 default judgment hearing to substantiate any of the awards outlined in paragraph 26 above.

28.     Moreover, as indicated above, Plaintiff's military duties, including the requirement that he comply with the orders of his superiors and not seek legal advice at the Base Legal Office and move out of his apartment and into the dormitory on base, materially affected his ability to defend the 2017 civil divorce action.

29.     On or about August 17, 2017, Plaintiff received a letter at the mail room of the 802nd Security Forces Squadron on base at JBSA-Lackland, Texas.  That letter had been mailed to Plaintiff from the offices of Defendant McLAUGHLIN on some date after January 24, 2017, concerning the setting of a default judgment hearing on February 17, 2017.  However, the mail room of Plaintiff's squadron at JBSA-Lackland did not deliver the letter to him until August 17, 2017.

30.     Plaintiff immediately telephoned the offices of Defendant McLAUGHLIN and spoke with Nancy Wylie, a paralegal employed by Defendant McLAUGHLIN, who informed Plaintiff that a judgment of divorce had been granted against him on February 17, 2017.  Ms. Wylie then emailed a copy of the 2017 Divorce Decree to Plaintiff.  That was the first date on which Plaintiff knew he had been divorced according to the 2017 Divorce Decree since February 17,

2017 and Plaintiff's first knowledge of the debts and other monetary awards that had been adjudicated against him in the 2017 Divorce Decree.

31.     When an investigation by the U.S. Air Force disclosed the Plaintiff had been apparently divorced since February 17, 2017 by virtue of the 2017 Divorce Decree, it was discovered that he had been receiving allowances from the Air Force in the form of Basic Allowance for Housing (BAH) and Basic Allowance for Subsistence (BAS) at the "with dependents" rate, which is higher than the rate for a single airman.  That discovery led to the preferral on March 5, 2018 of a single specification of theft of Government property of a value in excess of $500.00 in violation of article 121 of the Uniform Code of Military Justice (for the "overpaid" Basic Allowance for Housing and Basic Allowance for Subsistence between February and August 2017).

32.     Thereafter, when further investigation discovered the debts and other monetary awards adjudicated against Plaintiff in the 2017 Divorce Decree by the Texas state court, additional court-martial charges were preferred against Plaintiff on May 31, 2018, which included four specifications of a violation of article 134 of the Uniform Code of Military Justice, specifically for alleged dishonorable failure to pay just debts.  Those four specifications included a debt for monies allegedly owed to Miranda Hollis (the name Defendant RACHUI adopted following entry of the 2017 Divorce Decree) in the amount of $1,206.00 (Specification 2 of the Additional Charge), $2,491.00 (Specification 3 of the Additional Charge), and $5,300 (Specification 4 of the Additional Charge) and a debt of $2,500 to Defendant McLAUGHLIN (Specification 5 of the Additional Charge), all of which had been adjudicated against Plaintiff in the 2017 Divorce Decree.

33.     Plaintiff was the defendant (called "the accused" in military parlance) in a special court-martial that took place at Joint Base San Antonio - Lackland, Texas on 18-19 June 2018.  He

was charged with one specification of a violation of Article 121 of the UCMJ (the overpayment of his BAH and BAS during a period when he did not even know he had been divorced) and six specifications of dishonorable failure to pay just debts in violation of Article 134 of the UCMJ. Four of the six specifications of the Article 134 violation were for debts or other amounts adjudicated against Plaintiff in the 2017 Divorce Decree.  In the court-martial, the Plaintiff (the accused in the court-martial) was convicted of all specifications and charges with the sole exception of Specification 5 of the Additional Charge (the $2,500 debt owed to Defendant McLAUGHILIN for her services in the divorce) and ordered to be confined at hard labor for six months and to forfeit $1,092.00 per month for six months and thereafter to be restricted to the confines of JBSA-Lackland, Texas for two months.  As a result of the court-martial conviction and sentence, Plaintiff TYLER MATTHEW RACHUI was confined at JBSA-Lackland, Texas from June 22, 2018 until November 21, 2018, at which time he began a period of restriction to the limits of JBSA-Lackland, Texas for an additional two months.

34.     On August 3, 2018, counsel for Plaintiff filed in state court a Motion to Vacate and Set Aside Judgment of Divorce, Pursuant to 50 U.S.C. §3931(g), seeking nullification of the 2017 Divorce Decree.  Both Defendants herein were served with that motion to vacate.

35.     On October 3, 2018, the 45th Judicial District Court, Bexar County, Texas, held a hearing on the Plaintiff's motion.  Plaintiff, still a prisoner confined at the Joint  Base Lackland Confinement Facility, attended the hearing by telephone.  Both Defendants were present in the courtroom for the hearing.    Defendant MIRANDA RACHUI was represented by Defendant McLAUGHLIN at the hearing.

36.     Testimony was received from Nancy Wylie (the paralegal employed by Defendant McLAUGHLIN, Defendant MIRANDA RACHUI and Plaintiff (by telephone from the

Confinement Facility). During her testimony, Defendant MIRANDA RACHUI admitted that at all times when the divorce proceedings were underway, she knew her then-husband, Plaintiff herein, was on active duty with the U.S. Air Force and that her attorney, Defendant McLAUGHLIN was also aware of that fact.

37.     During her testimony, Nancy Wylie testified that she and Defendant McLAUGHLIN both knew Plaintiff was on active duty with the U.S. Air Force and that in the two years and three months she had worked for Defendant McLAUGHLIN, she had never seen Defendant McLAUGHLIN file an affidavit in a case informing the court whether or not the defendant was on active military duty.

38.     At the close of the hearing, Judge Angelica I. Jiminez ruled that Defendant McLAUGHLIN's actions had violated the SCRA's protections against the entry of default judgments except in strict conformity with the requirements found in 50 U.S.C. §3931 and that she had also violated her obligation to inform the court whenever the defendant against whom a default judgment was being sought was on active military duty. Accordingly, Judge Jiminez granted Plaintiff's motion and vacated and set aside the February 17, 2017 Divorce Decree and declared it a nullity. A Second Amended Order on the Motion to Vacate and Set Aside Judgment of Divorce, Pursuant to 50 U.S.C. §3931(g) was signed on October 8, 2018 and filed in the record on October 10, 2018.

39.     The net effect of the Texas state court's order of October 8, 2018 is that Plaintiff and Defendant MIRANDA RACHUI were still married as of that date.

40.     Ultimately, Plaintiff and Defendant MIRANDA RACHUI were divorced on December 6, 2018 in a judgment that did not award any damages or debts to either party and in which each party acknowledged responsibility for the party's own attorney fees.

## FIRST CAUSE OF ACTION

### Violation of 50 U.S.C. §§ 3931 and 4042 by Defendants

41.    Plaintiff restates and re-avers all allegations of paragraphs 1 through 39 above.

42.    From February 9, 2016 until the present, Plaintiff has been a servicemember as defined by 50 U.S.C. §3911(1) and therefore protected by the provisions of the SCRA, specifically including the protection against default judgments except those entered in strict conformity with 50 U.S.C. §3931 after the appointment of counsel to represent the servicemember if he or she has not made an appearance in the civil case.

43.    As detailed in paragraphs 13 through 26, Defendants, having full knowledge that Plaintiff was on active duty in the U.S. Air Force, failed to notify the Texas state court in which the divorce action was pending of the Plaintiff's military status, failed to file the affidavit of military service required by 50 U.S.C. §3931 and failed to have an attorney appointed to represent Plaintiff in the divorce action. The failure of Defendants to have an attorney appointed to represent Plaintiff as required by the SCRA led directly to the entry of the 2017 Divorce Decree and the awards of debts and financial obligations in favor of Defendants that were not pled or proven by any competent evidence in the state court divorce action. The entry of a default judgment against Plaintiff in the state court divorce action in violation of 50 U.S.C. §3931, and the award and subsequent non-payment of the debts and other monetary amounts in favor of Defendants MIRANDA RACHUI and McLAUGHLIN led directly to the court-martial of Plaintiff and his subsequent imprisonment, restriction to base and forfeiture of pay, leaving Plaintiff with a federal conviction on his permanent criminal history.

44.     Pursuant to 50 U.S.C. §4042(a), Plaintiff is entitled to declaratory relief that Defendants' practices violate 50 U.S.C. §§3901, *et seq.*

45.     Pursuant to 50 U.S.C. §4042(a), Plaintiff is entitled to injunctive relief stopping Defendants from further violating 50 U.S.C. §§3901, *et seq.*

46.     The wrongful actions of Defendants in obtaining the 2017 Divorce Decree in a manner that knowingly and flagrantly violated 50 U.S.C. §3931 (by not filing the required affidavit to indicate the military service status of Plaintiff and not having an attorney appointed to represent him) and the awarding of the debts and other payments listed in that decree detailed above led directly to the filing of court-martial charges against Plaintiff (the accused in the court-martial proceedings), his subsequent court-martial, imprisonment, restriction to base and forfeiture of pay, as well as having a federal criminal conviction on his criminal record.

47.     As a result of the Defendants' violations of 50 U.S.C. §3931, pursuant to 50 U.S.C. §4042(a) Plaintiff is entitled to monetary damages, including damages for forfeiture of his pay following the court-martial, mental anguish, embarrassment, humiliation, outrage and emotional distress resulting from the loss of his personal freedom during the time he was incarcerated at JBSA-Lackland, Texas as a result of charges for "dishonorable failure to just pay" debts that were improperly included in the 2017 Divorce Decree and "theft" of Government allowances (the "overpaid BAH"), the basis for all of which has been vacated and set aside by the nullification of the 2017 Divorce Decree. Plaintiff is also entitled to monetary damages for the harm caused to his reputation and future earning capacity because he now has a federal conviction on his record, which never would have happened except for the awarding of the fraudulent debts against him in the 2017 Divorce Decree and the "overpayment" of allowances to which Plaintiff is actually entitled (now that the 2017 Divorce Decree has been vacated and nullified).

48.     Additionally, pursuant to 50 U.S.C. §4042(b), Plaintiff is entitled to reasonable attorneys' fees and all costs of both this action and the proceedings in the 45th Judicial District Court, Bexar County, Texas, required to have the 2017 Divorce Decree vacated and set aside because of the violations of the SCRA by Defendants.

49.     Additionally, because it appears that Defendant McLAUGHLIN intentionally failed to file the affidavit required by 50 U.S.C. §3931 in Plaintiff's case, and intentionally fails to file the affidavit required by 50 U.S.C. §3931 in all cases in which the opposing party is an active duty military member, Plaintiff suggests that exemplary damages are appropriate in this case and prays for an award of such additional exemplary damages as will be sufficient to deter Defendant McLAUGHLIN from future conduct of this nature.

50.     At all times herein, Defendant MIRANDA RACHUI was complicit in the actions and omissions of Defendant McLAUGHLIN in concealing the military status of Plaintiff from the Texas state court and is therefore liable for the damages, attorneys fee and costs due Plaintiff to the same extent as Defendant McLAUGHLIN, except for any exemplary damages that may be awarded against Defendant McLAUGHLIN for her intentional practice of violating 50 U.S.C. §3931 by never filing an affidavit of military service in cases when she knows the defendant is on active military duty.

## JURY TRIAL DEMANDED

51.     As to any issue triable of right by a jury, Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment be entered against the Defendants and that the Court grant the following:

1.  Judgment against the Defendants, jointly and severally, for Plaintiff's asserted causes of action;

2.  Declaratory Judgment finding Defendants' practices violate 50 U.S.C. §§3901, *et seq.;*

3.  An award of injunctive relief stopping the Defendants from further violating 50 U.S.C. §§3901, *et seq.*;

4.  An award of monetary damages against the Defendants, jointly and severally and an additional award of exemplary damages against Defendant McLAUGHLIN;

5.  An award of reasonable attorneys' fees and other litigation costs reasonably incurred against the Defendants, jointly and severally in this matter and in the motion practice in 45th Judicial District Court, Bexar County, Texas for having to bring the motion to vacate the 2017 Divorce Decree; and

6.  Any and all other relief to which the Plaintiff may be justly entitled.

Respectfully submitted,

John S. Odom, Jr.
Attorney at Law (La. Bar No. 10163)
*(Pro Hac Vice* pending)
2124 Fairfield Avenue
Shreveport, LA 71104
Telephone: 318-221-1600
Facsimile: 318-425-1256
Email: john.odom@jodplaw.com

*ATTORNEY FOR PLAINTIFF*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

TYLER MATTHEW RACHUI

**(b)** County of Residence of First Listed Plaintiff   **Bexar County, Texas**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John S. Odom, Jr., Jones & Odom, LLP, 2124 Fairfield Avenue,
Shreveport, Louisiana 71104; Phone: 318-221-1600

### DEFENDANTS

MIRANDA RACHUI and MARY ELIZABETH McLAUGHLIN d/b/a McLAUGHLIN LAW OFFICE

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government   Plaintiff
- ☒ 3   Federal Question   *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government   Defendant
- ☐ 4   Diversity   *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
50 U.S.C. Section 3937

Brief description of cause:
Violation of SCRA by entering a default judgment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
12/14/2018

SIGNATURE OF ATTORNEY OF RECORD
*Jhn S. Odom, Jr.*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.  Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.